## BLACK, *et al.*, *v.* NETTLES.

INTERNAL REVENUE. Judgments and executions in the State courts are not subject to stamp duty, under the internal revenue laws of the United States.

JUDGMENT ON DELIVERY BONDS. The former judgment is merged and extinguished in the judgment upon the delivery bond; and parties *can not* go behind the last judgment and assign error upon the former judgment.

EFFECT OF LEVY. A levy without a sale is not, *per se*, an absolute satisfaction of a judgment.

PLAINTIFF CONTROLS EXECUTION. Where the sheriff levies upon lands not owned by defendants, or makes an excessive levy, the plaintiff may release part of the property from the levy.

DAMAGES IN THIS COURT. As there was no meritorious *defense* interposed in the court below, and the defendant appeals upon purely technical grounds, the judgment in favor of the plaintiff is affirmed, with *ten per cent. damages.*

*Appeal from Randolph Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

BYERS & COX, for appellants.

GREGG, J.

At the May term, 1866, of the Randolph circuit court, the appellee recovered judgment against appellants, Black and Watkins, for $327$\frac{20}{100}$.

The parties there appeared and consented to the judgment, and, by agreement, execution was stayed six months.

On the 5th of April, 1867, an execution was issued against the defendants. It was levied upon certain real and personal property. By a written indorsement on the execution, the plaintiff required the sheriff to release his levy upon the lands, and the personal property was released upon the defendants and Elijah Forester giving a delivery bond. On the day for sale, the property was not delivered, and the bond was returned forfeited.

On the 2d day of March, 1868, an execution was issued upon the statutory judgment, against all the obligors upon the bond, which execution was levied upon real estate. Before that property was offered for sale, the appellants filed an application to have the judgment, rendered May, 1866, the judgment on the delivery bond, and the two executions, quashed; which application the court overruled, and from that they have appealed.

The appellants insist that the court below should have quashed the first judgment, and execution thereon, for want of an United States internal revenue stamp ; without which, they insist, the judgment was void. And, secondly, the subsequent proceedings should have been quashed, because a release of the levy upon the real estate was a satisfaction of the judgment and execution, and further proceedings were void ; and, also, because the last judgment and execution were not properly stamped.

If the records required such stamps, it was clearly the appellants' duty to have stamped them. If they had failed to

stamp papers requiring internal revenue stamps, they would have subjected themselves to an indictment for defrauding the Government; and hence they would appear in a poor garb before this court to complain that no such stamp had been used; but these records were valid without such stamps.

The motion to quash could not reach the judgment of 1866. This court has often held that the former judgment is merged in the judgment upon the delivery bond, and the parties can not go behind the last judgment and assign error upon the former judgment. *Bridewell & Underwood v. Mooney, decided at our last term; Ruddell v. Magruder*, 11 *Ark.*, 578.

A levy, without a sale, is not, *per se*, an absolute satisfaction, and does not extinguish the judgment; and if the sheriff levied upon lands not owned by the defendants, or made an excessive levy, we see no reason why the plaintiff, for whose benefit the levy was made, might not release part of such property, if he deemed it unnecessary to hold the whole for his security. *Green v. Burke*, 23 *Wend.*, 490; *Ostrander v. Walter*, 2 *Hill*, 329; *People v. Hopkins*, 1 *Denio*, 574; 3 *Howard Prac. R.*, 262.

In the case of *Fowler v. Pearce, Sheriff, &c.*, 7 *Ark.*, 33, this court said: "The judgment, inclusive of costs, upon which the execution issues, is in the name of and for the benefit of the plaintiff in the writ, and the writ itself is issued at his instance, and is at all times subject to his control. He may order its return, or a suspension of action, at the moment property levied upon is offered for sale," &c.

After these appellants gave bond, and suffered the same to ripen into a judgment, it is very clear they could not go behind such judgment, and question the regularity of an execution and levy for the enforcement of the former judgment, which was satisfied by the creation of the statutory judgment; and the former levy, if existing thereby, would have been extinguished.

The records here show an indebtedness of long standing, and no attempt to set up any meritorious defense against its pay-

ment; and, finally, upon purely technical grounds, an appeal is taken to this court, thus presenting a case that demands more damages than the ordinary costs of the court. The judgment is therefore affirmed, with ten per cent. damages on the amount recovered in the court below; and that court will issue a *venditioni exponas*, including such judgment, interest and damages.