BACKUS *v.* BARBER.

1. LOG-LIEN PROCEEDINGS—VALIDITY OF JUDGMENT—COLLATERAL
ATTACK.

A judgment under the log-lien law, reciting that the amount
due plaintiff is for labor in "cutting, skidding, scaling,
hauling, and manufacturing the property mentioned in the
declaration," is not open to collateral attack on the ground
that it includes a claim for scaling and hauling lumber, for
which no lien is given by the statute, where the declaration
avers the labor to have been performed in "cutting, skidding,
scaling, hauling, banking, driving, running, rafting, booming,
and manufacturing into lumber, boards, plank, and scant-
ling" all of the lumber in and about a certain mill, the
words "scaling" and "hauling," appearing in the judgment
entry, being properly referable to labor upon the timber from
which the lumber was manufactured.

2. SAME—EXCESSIVE LEVY.

Proceedings under the log-lien law are not vitiated by an ex-
cessive levy.

3. SAME—QUESTION FOR JURY.

The question whether a levy was excessive is one of fact for
the jury.

4. SAME—JUSTICE'S JUDGMENT—UNAUTHORIZED FEES.

Under 2 How. Stat. § 7046, providing that no judgment of
a justice of the peace shall be reversed on account of any fees
having been improperly allowed by the justice, a justice's judg-
ment in proceedings under the log-lien law is not invalidated
because an attorney's fee is improperly included therein.

Error to Alcona; Simpson, J. Submitted December 5,
1895. Decided December 17, 1895.

Replevin by Absalom Backus, Jr., against Eustasch
R. Barber. From a judgment for defendant, plaintiff
brings error. Modified and affirmed.

*O. H. Smith (R. J. Kelley,* of counsel), for appellant.

*H. K. Gustin* and *W. E. Depew,* for appellee.

McGrath, C. J.   This is replevin against a constable for lumber seized on attachment under Act No. 229, Pub. Acts 1887 (3 How. Stat. § 8427a *et seq.*).

It is insisted that the judgments rendered in the lien proceedings were void upon their face.   The entries in the docket of the justice were that the amount found "is due for work and labor performed by  *  *  *  in manufacturing, cutting, skidding, scaling, and hauling and manufacturing the property mentioned in the plaintiff's declaration."   The labor performed is described in the declaration as "labor and services done and performed by  *  *  *  in manufacturing, cutting, skidding, scaling, hauling, banking, driving, running, rafting, and booming, and manufacturing into lumber and boards, plank and scantling,  *  *  *  all lumber and boards, plank and scantling," etc.   The statute requires that the justice shall, in addition to finding the sum due, also find that the same is due for labor performed upon the products described in the declaration, and shall render judgment in accordance with such finding.   The words "hauling and scaling" do not necessarily refer to the hauling and scaling of the lumber, especially as those words are used in connection with the words "cutting, skidding, banking, driving, running, rafting, and booming," which clearly refer to labor upon the material out of which the lumber was manufactured.   The case of *Villenuve* v. *Sines*, 92 Mich. 556, came up on appeal, and the record disclosed that the claim was for labor in hauling the lumber.   Here, however, a judgment is attacked collaterally, and it must be presumed that nothing was improperly included in the amount for which the lien was adjudged.   The language used is, we think, referable to labor for which a lien may be asserted under the statute.

It is next insisted that the levy was excessive.   An excessive levy does not vitiate the proceedings.   *Campau* v. *Godfrey*, 18 Mich. 27; *Black* v. *Nettles*, 25 Ark. 606; *Green*

v. *Burke*, 23 Wend. 490; *Ostrander* v. *Walter*, 2 Hill, 329. Conceding that the question can be raised in this manner, what constitutes an excessive levy is a question of fact, and the court left that question to the jury.

The justice allowed an attorney fee of five dollars as costs in each of the eleven suits. This allowance was improper. The inclusion of these accounts did not, however, invalidate the judgments. 2 How. Stat. § 7046. The appellee conceded the impropriety of the allowances, and requested the court to instruct the jury to disallow the amount. It will, therefore, be deducted from the judgment.

The other questions relate to the admission in evidence of the bills of particulars in the cases in justice's court, and the refusal to allow plaintiff to cross-examine the justice respecting the nature of the testimony upon those trials.

The judgment is affirmed as modified, with costs here to appellee.

The other Justices concurred.