**ST. LOUIS-S. F. RY. CO. v. STATE et al.**

No. 15527—Opinion Filed Nov. 3, 1925.

**1. Corporation Commission—Appeal — Presumption of Reasonableness of Orders.**

On appeal from an order of the Corporation Commission, the presumption obtains, by reason of section 22, art. 9, of the Constitution, that the order is reasonable, just, and correct, and the company which complains on appeal of such order has upon it the burden of establishing the unreasonableness, unjustness, or incorrectness of such order, which it may do by showing that the unreasonableness of the order appears affirmatively from the facts as certified by the Commission, or that it is shown by evidence in the record, upon which the Commission failed to make findings of fact, or upon which the Commission erroneously found the facts.

**2. Railroads — Reasonable Facilities and Conveniences — Power of Corporation Commission.**

The Corporation Commission is vested with the power, under section 18, art. 9, of the Constitution, to require all public service corporations to establish and maintain all such facilities and conveniences as may be reasonable and just.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Appeal from Corporation Commission; F. C. Carter, Chairman.

From order of Corporation Commission, upon complaint of certain citizens of the Town of Bushyhead, requiring the St. Louis-San Francisco Railway Company to maintain a station agent at said town, the railroad company appeals. Affirmed.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

George F. Short, Atty. Gen., and W. L. Murphy, Asst. Atty. Gen., for defendants in error.

Opinion by JONES, C. On November 3, 1923, about 50 persons, citizens of Bushyhead, Okla., filed a complaint with the Corporation Commission praying that said Commission issue an order requiring the appellant, St. Louis-San Francisco Railway Company, to install and maintain an agent at its station in the town of Bushyhead. It appears that in October, just prior to the filing of this complaint, the railway company, with the consent of the Corporation Commission, had discontinued the services of an agent in its station at Bushyhead and, as we understand from the record, closed its station. As a result of this action on the part of the railway company, the complaint heretofore referred to was filed with the Corporation Commission. On the hearing of same the Corporation Commission granted the prayer of the complainant and issued an order requiring the railway company to install an agent at Bushyhead who was able to take and receive telegraph messages and authorized to handle express and general business as agent for the public and the railway company, from which order the appellant prosecutes this appeal and contends that said order is unauthorized, unreasonable, and unjust and is not sustained by the evidence offered at the hearing.

Bushyhead is a station on appellant's railway line, and at the time of the hearing in controversy had been so maintained for a period of about 15 years. Bushyhead is a village of about 150 population, is six miles south of Chelsea, Okla., and two and four-tenths miles north of Foyil, Okla., stations on said railway.

The evidence disclosed that the receipts of the station at Bushyhead averaged more than $700 per month for the year just preceding this hearing, and the expense of maintaining an agent was about $130 per month, and under this proof we are to determine whether the order made by the Commission was unreasonable, or unjust, or was not sustained by evidence reasonably tending to support the same.

In the case of United States Express Co. v. State et al., 47 Okla. 656, 150 Pac. 178, this court held:

"On appeal from an order of the Corporation Commission, the presumption obtains by virtue of section 22, art. 9, of the Constitution, that the order appealed from is just, reasonable, and correct; and the burden is upon the appellant to overcome this presumption, which may be done by showing that the order is unreasonable upon the facts found by the Commission, or that the evidence does not support the findings, or that it is shown by the evidence in the record upon which the Commission failed to make findings, or that the Commission erroneously found the facts."

In this case there seems to be no controversy as to facts. The only question involved is the necessity of an agent, and while we are cognizant of the fact that necessarily expenses would be incurred in conducting and maintaining a railway station other than that of the agent's salary, and that there has been some very material changes in transportation in recent years, and some decrease in the patronage of railway companies, however, these matters do not seem to have entered into this hearing, and we think the evidence offered sufficient to sustain the order.

The appellant next complains of that portion of the order which requires that it secure the services of an agent who is able to take and receive telegraph messages and authorized to handle express, upon the theory that the Commission exceeded its authority and jurisdiction, because the complaint was against the railway company, and that the telegraph and express business is owned and operated and controlled by separate and different companies than that of the railway company; it seems to be conceded by appellant that it might be required to secure the services of an agent who is able to take and receive telegrams necessarily received in the conduct of its business as a railway company, but that it could not be required to furnish the services of what they term a commercial telegrapher. The complainants in their brief seem to concede that the conditions at Bushyhead are not such as would justify or require the services of a commercial telegrapher, and take the position that the order made does not require the services of such an operator, but merely a telegrapher who can handle the business of the railway company. This construction being placed upon the order by the complainants, we think, relieves us of any necessity of passing upon this matter, and we hold that the Corporation Commission in its legislative capacity would have the authority to at least require the services of

an agent capable of rendering such telegraph services as might be necessary in order for the railway company to properly operate its trains and conduct the business of its station.

Appellant also complains of that portion of the order requiring the agent to handle express. In the case of A., T. & S. F. Ry. Co. et al. v. State et al., 71 Okla. 167, 176 Pac. 393, this court held:

"The Corporation Commission is vested with authority to require all reasonable and proper facilities to be furnished by a railway company, such as Pullman service."

Applying this rule, we think unquestionably they would also have the right to require the services of the express company, at least where it can be done without any loss or detriment to the railway company, and there is nothing in this record to indicate that such results would prevail in this case.

Under the evidence in this case, we are not prepared to say that the presumption in favor of the order that it is just and reasonable has been overcome, or that the Commission exceeded its authority, and the same is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 33 Cyc. p. 53. (2) 33 Cyc. p. 47. See under (1, 2) 22 R. C. L. pp. 783, 784; 3 R. C. L. Supp. p. 1282; 4 R. C. L. Supp. p. 1476.