## PRICE et al. v. CLEMENT.

No. 29074.   March 26, 1940.

Rehearing Denied May 21, 1940.

102 P. 2d 595.

Whitten & Whitten, of Oklahoma City, for plaintiffs in error.

Dudley, Hyde, Duvall & Dudley and Edwards & Robinson, all of Oklahoma City, for defendant in error.

WELCH, V. C. J.   Plaintiffs alleged in their petition that on July 1, 1935, the defendant Clement brought suit in the district court of Oklahoma county for $5,000, and on the same day procured an order of attachment to issue, which on the same day was levied upon their 320 acres of land located in Okahoma county, which said property was so held until termination of that suit; that at the time of such attachment the property was worth $160,000; that the cause was tried in October, 1936, resulting in judgment in favor of Clement for $500, which was promptly paid by these plaintiffs.

That these plaintiffs at and prior to the trial admitted owing Clement the approximate amount of $500, which he refused to accept, and refused also to release a reasonable amount of the attached property.

That at the time of the levy of the attachment a test well for oil was near-

ing completion and opportunities to advantageously dispose of royalty were many; and that on July 11, 1935, these plaintiffs could have disposed of 16 acres of royalty for $16,000 had the title been free of the attachment; that although requested to do so, Clement refused to release the attachment sufficient to allow such sale, and as a result thereof the sale was lost.

That soon thereafter the initial discovery well came in and the price of royalty dropped to, and is not worth, $100, and plaintiffs were damaged $14,000 as a direct result of the wrongful attachment.

"That plaintiffs expended attorney's fee in the sum of $250 in an effort to release the aforesaid unlawful attachment."

They further allege that Clement's acts in attaching such property were malicious and without probable cause and indulged in for the direct purpose of clouding plaintiffs' title, preventing the sale of any royalty during the boom; that plaintiffs were well able to pay any judgment which might have been rendered, which Clement well knew, and that such acts by Clement were for the indirect purpose of coercing plaintiffs into paying the unjust claim sued upon.

They prayed for actual damages of $14,400 and $10,000 punitive damages.

They attached to their petition copies of the attachment order, the appraisers' valuation of the attached property, and the sheriff's return of the order. By amendment they attached a copy of the final order and judgment of the court rendered in that cause.

That judgment, among other things, recited the details of the jury trial and verdict and judgment for plaintiff therein, Clement, and recited the specific finding that the attachment should be sustained, and ordered and decreed that the attachment lien be established on the property involved, and ordered the property to be sold, unless the judgment should be promptly paid.

Clement's answer contained allegations to the effect that he did institute the original action, and that his attorney procured the attachment to be issued; that the defendants in that action, plaintiffs here, filed a motion to dissolve said attachment; that same was heard and overruled by the court; that upon trial he recovered judgment against these plaintiffs, among other things, specifically sustaining said attachment and ordering the property sold (attaching copies of attachment order, motion to dissolve and order overruling motion); that by reason of the order overruling motion to dissolve attachment and by reason of the final judgment, from which there was no appeal taken, the judgment became final and therefore "res adjudicata" and the plaintiffs in this action are estopped from maintaining this action.

The plaintiffs herein filed reply denying any legal consequences to the order and judgment, and denying the validity of the plea of res adjudicata and estoppel. But plaintiffs do not deny that the motion to dissolve attachment was filed and the order entered denying same, nor do plaintiffs deny the rendition of final judgment in the former action.

In the present cause the trial court rendered judgment on the pleadings in favor of the defendant Clement.

The question for our determination here is whether or not the court's judgment in the former cause estops consideration in the present cause of the question whether the attachment was excessively levied.

We observe that the attachment order commanded the sheriff "* * * to attach and safely keep the lands, * * * *or so much thereof* as will satisfy his claim, * * *"* and in this respect such order follows the provisions of section 600, O. S. 1931, 12 Okla. St. Ann. § 1154.

It is conceded that the order of attachment was properly and lawfully issued, but it is said by plaintiffs that after its valid issuance, the attachment order was wrongfully used in that there was

an excessive levy made thereunder and the process was continued after notice, which amounts to an "abuse of process."

. The validity of the order and judgment of the court in the former cause is in no wise denied or attacked, but plaintiffs say that thereby that court did not determine the question as to whether the levy was excessive. They urge that their motion to dissolve attachment did not raise that specific question and that the ruling of the court thereon and the final judgment of that court, sustaining and upholding the attachment proceedings in full, did not involve or include a determination of that question.

If such former order and judgment did amount to a determination of that question, then plaintiffs cannot herein prevail. In McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 P. 1029, it was held in the first and second paragraphs of the syllabus thereof as follows:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

"The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? And not, upon what evidence or by what means was it reached?"

To the same effect is Goodeagle v. Moore, 89 Okla. 211, 214 P. 725.

In State ex rel. Barnett, Bank Com'r, v. Wood, 171 Okla. 341, 43 P. 2d 136, the second paragraph of the syllabus is as follows:

"When a fact has been determined in the courts of a judicial proceeding and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it might have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion."

The same principle of law is applied in the recent case of United Tire & Investment Co. v. Hines, 186 Okla. 238, 96 P. 2d 1047. See, also, Johnson v. Gillett, 66 Okla. 308, 168 P. 1031; Comanche Ice & Fuel Co. v. Binder and Hillery, 70 Okla. 28, 172 P. 629; Adams et al. v. State ex rel. Mothersead, Bank Com'r, 133 Okla. 194, 271 P. 946, and McKee, Ex'x, v. Producers & Refiners Corp. et al., 170 Okla. 559, 41 P. 2d 466.

Under our statute an attachment may be dissolved or discharged as to the whole or part of the property attached, on motion at any time before judgment. Section 655, O. S. 1931, 12 Okla. Stat. Ann. § 1241. The annotation discloses that the grounds on which such action may be sought are many and varied. The statute in fact does not create any limitation upon reasons or grounds for dissolving or discharging the attachment. Rullman v. Hulse, 33 Kan. 670, 7 P. 210.

In the former action the defendants, plaintiffs here, filed their motion to dissolve the attachment "for the reason that the same is not issued and *served* in accordance with law." When the court heard that motion and made its order denying the same, it was clearly the duty of that court to examine into questions relating to whether the process had been *levied* in accordance with the law, and that duty continued in the rendition of final judgment sustaining the attachment and ordering the property sold to satisfy the judgment rendered.

In the first paragraph of the syllabus in Dupree v. Jordan, 123 Okla. 91, 252 P. 67, it was held:

"In an action against the sureties on a replevin bond, nonjurisdictional irregularities in the form, execution and approval of the bond could and should have been and therefore were adjudicated in the replevin action, since a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, though the subsequent suit be on a different cause of action."

Under the above authorities, we would seem wholly justified in concluding that the motion to dissolve attachment presented to that court the question of whether the levy under the order of attachment was in accordance with the commands thereof, and in compliance with the limitations provided therein by section 600, O. S. 1931, supra; and that the court's denial thereof, and its further judgment sustaining the whole attachment proceeding, necessarily included the finding that only "so much" of plaintiffs' property had been attached as would satisfy the claim sought to be enforced.

In the briefs much attention is given to the question whether successful termination of the attachment action is a necessary prerequisite to the maintenance of a suit for the wrongful use of legally issued process. We find no need to express our views in that regard. It is sufficient here that the fact question —the excessive levy alleged—has been determined in a prior suit between the same parties, and that fact as therein determined cannot herein be again put in issue.

The judgment of the trial court is therefore affirmed.

BAYLESS, C. J., and OSBORN, CORN, and DANNER, JJ., concur. RILEY, HURST, and DAVISON, JJ., dissent. GIBSON, J., absent.

HURST, J. (dissenting). I am of the opinion that the result reached by the majority is wrong, whether it is based on the doctrine of res judicata or estoppel by judgment. The opinion does not make clear which doctrine is relied on. The distinction between the two is well defined and has been many times stated in the textbooks and decisions, but is often overlooked or misapplied. It is this: Res judicata applies where the same cause of action is involved in both actions, and the parties in the second action are concluded not only as to all matters actually litigated, but also as to all matters which might or should have been litigated, in the first action; estoppel by judgment applies where the causes of action are different and the parties in the second action are concluded as to only such material facts as were distinctly put in issue and actually determined in the first action. See 34 C. J. 744, 915; 15 R.C.L. 962, 973, 979, 980; Freeman on Judgments (5th Ed.) § 689; McDuffie v. Geiser Mfg. Co. (1913) 41 Okla. 488, 138 P. 1029; Cressler v. Brown (1920) 79 Okla. 170, 192 P. 417; Fulsom v. Mason (1924) 107 Okla. 70, 229 P. 1072; Higgins v. Durant (1926) 115 Okla. 152, 243 P. 732; McKee v. Producers & Refiners Corporation (1935) 170 Okla. 559, 41 P. 2d 466; State ex rel. Barnett v. Wood (1935) 171 Okla. 341, 43 P. 2d 136; Uphoff v. Meier (1939) 184 Okla. 378, 87 P. 2d 960; Bates v. Bodie, 245 U. S. 520, 38 S. Ct. 182.

Can the majority opinion be justified under the doctrine of res judicata? I think not. The causes of action are not the same. The first was an action by Clement against the Prices to recover $5,000 on a contract liability, in which the attachment was issued. The second action is by the Prices against Clement to recover $24,600 in a tort action, abuse of process, which grew out of the wrongful and malicious levy of the attachment order on a grossly excessive amount of property.

Can the majority opinion be justified under the doctrine of estoppel by judg-

ment? I think not. I take it to be obvious that if the Prices had filed no motion to dissolve the attachment, no one would contend that the judgment in the first case would estop them in the instant case. But did the order overruling the motion to dissolve the attachment and the judgment directing the sale of the attached property operate as an estoppel by judgment in the instant case? I think not for the reason that the motion to dissolve the attachment was based upon the ground that the same was "not issued and served in accordance with law, and that said proceedings are void and should be dismissed." This motion simply raised the legal question as to whether the attachment was legally issued as provided by sections 597-600, O. S. 1931, 12 O. S. A. 1151, 1152, 1153, 1154, and legally served in the manner required by sections 601-608, O. S. 1931, 12 O. S. A. 752, 753, 754, 1155, 1156, 1157, 1158, 1159. The validity or invalidity of the attachment order is immaterial in the action for abuse of process. I Am. Jur. 179; 50 C. J. 617; Cooley on Torts (4th Ed.) § 131; Tuthill v. Sherman (S. D. 1913) 142 N. W. 257. An excessive levy does not invalidate an attachment otherwise valid. 6 C. J. 238, 7 C. J. S. 408; 4 Am. Jur. 907; Hodgen v. Roy, 102 Kan. 197, 169 P. 1143; McConnell v. Kaufman, 5 Wash. 686, 32 P. 782; Backus v. Barber, 107 Mich. 468, 65 N. W. 379. And it follows that a motion to dissolve an order of attachment on the ground that it was not issued or served according to law does not raise the question of excessiveness of the levy. Dade Park Jockey Club v. Commonwealth, 253 Ky. 314, 69 S. W. 2d 363; Bradshaw v. Tinsley (Tex. Civ. App.) 23 S. W. 184. It also follows that the motion to dissolve did not in fact or in law raise the question of excessive levy or the ulterior motive in causing the same to be made. These are the two essential elements of the present action of abuse of process. 1 Am. Jur. 176; 1 R.C.L. 102; 50 C. J. 612; 80 A.L.R. 580, note.

Not only was the excessiveness of the levy not raised by the motion to dissolve, but the record shows that the court did not consider or pass upon the motive or excessiveness of the levy. This he could not do, as the question was not presented to him. 15 R.C.L. 979; Freeman on Judgments (5th Ed.) § 689. The order overruling the motion recites that it was considered "upon the basis of the same being void." For the same reason the judgment sustaining the attachment and ordering the attached property sold did not adjudicate the issues in the present case.

Of course, if the Prices had moved to discharge from the levy all the attached property in excess of the plaintiff's claim, such a motion would have raised the question of excessiveness of the levy, and a ruling thereon would probably have operated as an estoppel by judgment in the present action.

For the foregoing reasons, I respectfully dissent.