**Thomas H. FLEEGER, Appellant,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, a corporation, Appellee.**

**No. 357–70.**

United States Court of Appeals, Tenth Circuit.

Jan. 14, 1972.

---

Richard T. Sonberg, Tulsa, Okl., for appellant.

Bert McElroy, Tulsa, Okl., for appellee.

Before CLARK *, Associate Justice, and SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge (Reassigned to SETH, Circuit Judge, for opinion).

Plaintiff-appellant Fleeger appeals from an order of the United States District Court for the Northern District of Oklahoma granting summary judgment to defendant-appellee in a wrongful garnishment action.

This case arises from previous litigation between these parties relating to losses incurred by appellee insurance company on construction and payment bonds it had written for several Texas contractors. Appellant Fleeger had executed indemnity agreements on each of these bonds. In actions brought in a United States District Court in Texas and in an Oklahoma state court, the appellee sought to recover $362,589.74 from Fleeger on the indemnity agreements he had signed. While these cases were in progress, appellee company initiated garnishment proceedings in an Oklahoma state court against a trust fund of which Fleeger was the beneficiary.

The United States District Court in Texas subsequently denied recovery to the insurance company on two of the contracts with Fleeger but awarded judgment on the third contract in the amount of $50,596.61. Both the company and Fleeger appealed this decision to the United States Court of Appeals for the Fifth Circuit. While this appeal was pending, Fleeger filed a motion to dismiss the garnishment in the Oklahoma court on the ground that the proceeds of the trust, a spendthrift trust, were exempt from garnishment under Oklahoma law and also that the garnishment was excessive. The state court

* Associate Justice Retired, Supreme Court of the United States, sitting by designation.

refused to dismiss the garnishment. Fleeger did not appeal this order.

Thereafter, the Fifth Circuit affirmed the judgment of the United States District Court. Fleeger satisfied the judgment against him by tendering $54,363.74 to the company. The company on April 4, 1968, asked for dismissal of the garnishment in Oklahoma, and it was dismissed.

On March 14, 1968, Fleeger filed the present action for wrongful garnishment. Both parties moved for summary judgment, and the trial court granted summary judgment in favor of the defendant-appellee. In its order the court concluded that the issues between the parties in the action as to the lawfulness of the garnishment of the spendthrift trust were fully litigated and adjudicated by the Oklahoma court when it entered its order overruling Fleeger's motion to dismiss garnishment. The court characterized the present action as a collateral attack on the state court litigation, and held it barred by estoppel by judgment. It is from this order that plaintiff Fleeger appeals.

■■ Under Oklahoma law the garnishment proceeding is an action separate from the action seeking to establish liability, and a trial on the merits is contemplated. London & Lancashire Indemnity Co. v. Courtney, 106 F.2d 277 (10th Cir.); Reed v. Bloom, D.C., 15 F. Supp. 7; Moral Insurance Co. v. Steves, 208 Okl. 529, 257 P.2d 836. In the garnishment before us the appellee company filed an action against the trustees of appellant's trust to prevent payments to Fleeger. After some other proceedings, the company filed an affidavit of garnishment, and had a summons issued and served. The garnishee-trustees filed their answer which denied a then existing indebtedness to Fleeger. Fleeger then filed his motion to dismiss the garnishment on several grounds including the assertion that the garnishment was excessive, and the trust was not subject to garnishment. Fleeger also filed an answer. The court overruled Fleeger's motion to dismiss, but no trial was held in the garnishment action. No appeal was taken from the denial of the motion. It appears that under Oklahoma practice trial on the garnishment issues would not be had until the liability suit is concluded. In the meantime, however, the property is held under the garnishment summons, but portions or all may be released on motion before judgment. State ex rel. Lankford v. Collins, 70 Okl. 323, 174 P. 568; Price v. Clement, 187 Okl. 304, 102 P.2d 595; Butler v. Breckinridge, 442 P.2d 313 (Okl.).

■ In Price v. Clement, 187 Okl. 304, 102 P.2d 595, the Oklahoma court in an excessive attachment case found that the determination of the excessive question made in the garnishment proceedings was res judicata. There the defendant had moved to dismiss the garnishment as excessive, and the motion was denied. However, the garnishment court proceeded further, held a trial, and entered a final judgment sustaining the entire attachment proceedings. Thus in Price there was both a denial of the motion and a final judgment in the garnishment action. In the proceedings before us there was nothing more than a denial of the motion and a dismissal of the proceedings. The garnishment court in overruling Fleeger's motion said that the summons did effectively subject a portion of the principal to the garnishment but " . . . with that amount of such claim against the defendant to be determined upon trial of the issues before the court."

In the absence of a judgment, and with only the ruling on the motion, we must hold that the garnishment court proceedings were not determinative of the issues here raised. It is difficult to see how the garnishment court in the preliminary stages and before trial of the liability case could determine whether the garnishment was excessive or wrongful, and as indicated, it reserved consideration of that issue. The statutes contemplate a final judgment in the

garnishment action after the conclusion of the liability suit.

In view of the stage reached in the garnishment action there was no judgment or other final determination to serve as a basis for estoppel by judgment or res judicata.

We do not consider that the matter of appealability of the denial of the motion is determinative of the issues here raised.

The case must be reversed and remanded for further proceedings in accordance with this opinion, and it is so ordered.