Fernon D. **MARSHALL**, Appellee,

v.

**FORD MOTOR COMPANY**, a Delaware corporation, Appellant.

No. 45502.

Supreme Court of Oklahoma.

March 6, 1973.

Sanders, McElroy & Carpenter, Tulsa, for appellee.

Wm. S. Hall, Green, Feldman & Hall, Tulsa, for appellant.

WILLIAMS, Vice Chief Justice.

We have previously granted certiorari in this case for the purpose of reviewing a certified interlocutory order under 12 O.S. 1971, § 952(b)(3), and Rule 1.50 et seq., Rules of Appellate Procedure in Civil Cases, 12 O.S.1971, Ch. 15, App. 2. Broadly speaking, the question presented is whether the plaintiff in the trial court, having tried and lost a federal court action against the Ford Motor Company for damages arising out of an automobile accident, may now sue the same defendant, with others, for damages arising out of the same accident, in the District Court of Washington County. The interlocutory order certified for review by the District Court of Washington County is an order overruling defendant Ford's motion to dismiss the state court action as to Ford upon the grounds of res judicata and estoppel by judgment. A review of the litigation arising out of the accident is necessary to an understanding of the question presented.

In April, 1969, in the United States District Court for the Northern District of

Oklahoma, plaintiff Marshall filed a suit for damages for personal injury resulting from an automobile accident in December, 1968. Plaintiff was a front seat passenger in a 1966 model Ford automobile at the time of the accident. Defendants included the Ford Motor Company, as manufacturer of the automobile, and some individuals. The allegations as against Ford were all based, from the factual standpoint, upon the absence of a locking device which would prevent the back of the right front seat from folding forward in the event of an emergency stop or collision.

In March, 1970, plaintiff Marshall and the individual defendants entered into a stipulation in which they agreed, subject to the approval of that court, that the cause might be dismissed without prejudice as against the individual defendants. The stipulation, in which Ford did not join, recited that the claims of plaintiff against the individual defendants sounded in "pure tort" and that the claims against Ford sounded "in warranty and strict liability"; that the result would be "two trials being carried on simultaneously within this lawsuit"; that since the major portion of the trial would consist of the trial of the issues against Ford, the stipulating defendants would incur "needless attorney fees" in attending such a trial; that there was a "good probability" that a trial as against Ford only would result in a verdict by which plaintiff would recover all of his damages from Ford, thus liquidating any claim of plaintiff as against the stipulating defendants, who would not be "liable for any injuries paid for by Ford"; that it would be "for the best interests of the parties hereto" for plaintiff to "apply to the Court to dismiss this action *as to these defendants,* without prejudice, leaving only Ford Motor Company as a party defendant." (Emphasis added.)

About two weeks later the federal court entered an order as follows:

"This cause came on for hearing on this 27th day of March, 1970, upon the STIPULATION between the plaintiff and the defendants Hamilton, Foreman, Miles and Chaney. The Court after being advised in the premises, finds that the dismissal *of said defendants* without prejudice will simplify the trial of this cause and it is for the best interests of justice that *such STIPULATION be approved* and the *said defendants be dismissed* without prejudice. ·

"* * *

"NOW, THEREFORE, BE IT ORDERED, ADJUDGED AND DECREED by the Court that the STIPULATION between the plaintiff and defendants Hamilton, Foreman, Miles and Chaney, be and the same is hereby approved and *said defendants* be and they are hereby and by these presents *dismissed as parties to this action* without prejudice and without the assessment of any costs or conditions whatsoever." (Emphasis added.)

Shortly after the entry of the above order and the filing of an amended complaint and amended answer (permitted by the same order) the federal court action went to jury trial as against Ford only, and on April 7, 1970, a judgment upon a verdict for defendant was entered. This judgment was appealed to the United States Court of Appeals for the Tenth Circuit and affirmed in an opinion filed August 16, 1971. See Marshall v. Ford Motor Company (CA 10), 446 F.2d 712.

In November, 1970, plaintiff filed the action in the District Court of Washington County which resulted in the certified interlocutory order now under review. It was an action for damages for negligence arising out of the same automobile accident; defendants were four individuals and the Ford Motor Company, and plaintiff pleaded that it did not involve "the doctrine of products liability or strict liability upon the Ford Motor Company."

At all stages of the proceedings Ford preserved objections to the jurisdiction of the state court over Ford because of the federal court action. In the beginning, while the federal court judgment was still on appeal, the objection took the form of an allegation of "another action pending".

After the appeal was decided, Ford filed a "Motion to Dismiss Plaintiff's Cause by Reason of Res Judicata and Estoppel by Judgment", attaching copies of the amended complaint and amended answer which formed the issues tried in the federal court; the judgment on the verdict entered in the federal district (trial) court; and the opinion and judgment of the U.S. Court of Appeals affirming the judgment. It is the order overruling this motion in the District Court of Washington County that was certified for interlocutory review. Note that only the rights of Ford are here involved.

It may be noted at this point that the applicability of the rule of res judicata and the related rule of estoppel by judgment in this case in this court does not now depend upon which theory of recovery plaintiff asserted in the federal court action. 46 Am. Jur.Judgments, §§ 397, 398, 411; 50 C.J.S. Judgments § 712; Cressler v. Brown, 79 Okl. 170, 192 P. 417; Price v. Clement, 187 Okl. 304, 102 P.2d 595. For that reason, our further discussion of this case will be without reference to that question.

In this Court, plaintiff Marshall's arguments may fairly be said to rest upon the premise that the rules of res judicata and estoppel by judgment are not applicable in this case because the federal court order of March 27, 1970, was entered under Rule 42(b) of the Federal Rules of Civil Procedure, under which the federal district court is authorized to "order a separate trial" of any issue, claim, cross-claim or counterclaim, and therefore had the effect of preserving any cause of action for damages for negligence plaintiff might have had as against Ford.

For reasons set out below, we do not believe that the federal court order had the effect of preserving a cause of action for damages for negligence as against Ford.

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

In form and substance, the federal court order was nothing more than an order dismissing the action as to certain defendants without prejudice, pursuant to their stipulation that such might be done. It undeniably had the effect of "separating" plaintiff's cause as against the stipulating defendants from the trial of the cause as against Ford. It does not purport to dismiss *any* cause of action as against Ford. or to order a separate trial thereon.

The relief Mr. Marshall heretofore has sought and now continues to seek from Ford Motor Company is a judgment for the damage to his back caused, insofar as Ford is concerned, he says, by the seat of Mrs. Hamilton's car Ford had theretofore manufactured, moving forward and permitting the momentum of that seat and Mr. Carr's body to break his spinal column and partially sever his spinal cord. Regardless of what the trial tribunal in the former case might have been able to order with reference to trying some issues and reserving others, insofar as the law of this jurisdiction relates to the present problem, and it does control, in our view, Mr. Marshall has had his full day in court against Ford and may not now be heard to again complain in an action in the state trial court of the same thing under a different name (i.e., negligence and fraud as distinguished from express or implied warranty and strict liability either in tort or warranty).

We hold that, by reason of res judicata and estoppel by judgment, plaintiff's action against Ford in the District Court of Washington County is barred by the judgment in the prior federal court action against the same defendant for the same damages.

The interlocutory order certified for review is vacated and the cause is remanded to the trial court with directions to sustain Ford's motion to dismiss as against it, and to entertain such further proceedings against the remaining (individual) defendants as may be proper under the circumstances.

DAVISON, C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.