Ruby Leona SPRIGGS, Plaintiff,

v.

Gale L. WOLF, d/b/a Wolf Apco, Defendant,

and

The Hanover Insurance Companies, Garnishee.

No. CIV–78–01325–D.

United States District Court, W. D. Oklahoma.

March 16, 1979.

Robert L. Huckaby, Michael R. Chaffin, Chickasha, Okl., for plaintiff.

David D. Wilson, Oklahoma City, Okl., for defendant Wolf.

Ronald R. Hudson, Oklahoma City, Okl., for garnishee.

## ORDER

DAUGHERTY, Chief Judge.

This is a garnishment action originally brought by Plaintiff in the Grady County District Court and later removed to this Court by the Garnishee, Hanover Insurance Companies (Hanover). From the record before the Court, it appears that Plaintiff recovered a judgment in the amount of $95,000.00 against Defendant in a personal injury action brought in the Grady County District Court. Plaintiff then instituted the instant garnishment proceedings against Hanover and contends that Hanover is indebted to Defendant for the amount of said judgment. It is asserted that the Court has subject matter jurisdiction by reason of amount in controversy and diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff has filed herein a Motion to Remand this case to the Grady County District Court. Said Motion is supported by a Brief and Hanover has filed a Brief in opposition thereto.

In support of her Motion, Plaintiff contends that garnishment proceedings are not removable to federal court as such proceedings are practically an equitable action and are merely auxiliary to the main case rather than independent thereof. In its Brief in opposition to Plaintiff's Motion, Defendant contends that the removability of garnishments has been clearly established under the controlling law.

Under Oklahoma law a garnishment proceeding is an action separate from the action seeking to establish liability, and a trial on the merits is contemplated. *Fleeger v. General Insurance Company of America*, 453 F.2d 530 (Tenth Cir. 1972); *see also Sentry Insurance v. Longacre*, 403 F.Supp. 1264 (W.D.Okla.1975). Thus, it has been held that garnishment proceedings commenced in an Oklahoma state district court may be removed to federal district court if the requirements for federal jurisdiction have been met. *See Adriaenssens v. Allstate Insurance Co.*, 258 F.2d 888 (Tenth Cir. 1958); *London & Lancashire Indemnity Company of America v. Courtney*, 106 F.2d 277 (Tenth Cir. 1939).

In the instant case, it appears that the amount in controversy is $95,000.00 and that Plaintiff is an Oklahoma citizen while Hanover is a New Hampshire corporation with its principal place of business in Massachusetts. Therefore, the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. Accordingly, the Court finds and concludes that Plaintiff's Motion to Remand should be overruled.