BROWN, Adm'r, v. BEN HUR COAL CO.

No. 32558. Jan. 13, 1948.

*188 P. 2d 851.*

Tom Payne, of Okmulgee, for plaintiff in error.

Anton Koch and Kirk Woodliff, both of Henryetta, for defendant in error.

LUTTRELL, J. Sherman Sylvester Brown died at Henryetta, in Okmulgee county, on June 2, 1944, as a result of an accidental injury received by him in the mine of Ben Hur Coal Company on the preceding day. He left surviving two children aged, respectively, nine and eleven years, born of different mothers, a widow whom he had married less than a month after his divorce from a former wife, and less than six months prior to his death, his father and mother, and one brother. On June 19, 1944 Frank Brown, the father of deceased, was appointed administrator of his estate. On the same day he filed in the superior court of Okmulgee county an action against Ben Hur Coal Company for damages for the wrongful death of the deceased, and, on the same day an agreed judgment in the sum of approximately $2,200 was rendered against Ben Hur Coal Company.

Thereafter, on December 11, 1944, Albert Haltia, grandfather of one minor, and Hazel English, aunt of the other minor, having theretofore been appointed guardians of the minor children, filed their petition in said cause seeking to vacate and set aside the former judgment for fraud and collusion practiced in its procurement. The petition alleged in substance that the appointment of Frank Brown as administrator was the result of collusion between him and the Coal Company; that he thereupon brought the action in which the judgment was rendered without making any investigation of the facts and circumstances surrounding the death of deceased; that such investigation would have revealed that the death of deceased was caused by the negligence and carelessness of defendant, Coal Company, and that at the trial of said cause both the administrator and the defendant, acting fraudulently and collusively, failed to produce in court the only eyewitness to the accident, and concealed from the court the fact that there was an eyewitness to the accident, and that at the time of trial the said eyewitness was not in the State of Oklahoma, but had been advised by interested parties to leave the state.

The answer of defendant, Ben Hur Coal Company, denied any fraud or collusion, alleged that Frank Brown and the defendant had, prior to the day the judgment was rendered, made a full and complete investigation of the death of the deceased, and had negotiated for several weeks for a settlement; that the petitioners were fully advised of such settlement, and agreed and consented thereto, and that there was no concealment from any of the parties or from the trial court of any material fact or circumstance connected with the accident causing the death of deceased.

At the hearing on the petition to vacate, after petitioners had introduced

their evidence and rested, defendant demurred to the evidence on the ground that it was wholly insufficient to sustain the allegations of the petition. The trial court did not at that time act upon the demurrer, but gave petitioners 20 days in which to produce additional evidence, and on August 7, 1945, counsel for petitioners, in open court, stating that he had no further testimony to offer, the trial court denied the petition to vacate. Petitioners appeal.

While the averments of the petition to vacate were sufficient, if sustained by evidence, to justify the trial court in vacating the judgment, the evidence adduced by petitoners wholly failed to establish the allegations of their petition. There was no evidence of any fraud or collusion in the appointment of the administrator, although the petition for appointment had been filed by the widow of deceased, seeking her own appointment. From the evidence it appears that for some reason, apparently because of the uncertainty of her status due to the fact that she married deceased less than a month after his divorce, she decided not to act and Frank Brown was appointed in her place.

Neither does it appear that the judgment was taken without any investigation of the facts, or that any material facts were concealed either from the relatives of deceased or from the trial court. From the evidence it appears that several conferences were held between defendant and various relatives of deceased, including petitioners, Frank Brown and the mother of one of the minors, the mother of the other being dead; that at these conferences the defendant denied liability but offered the sum of $2,200 in settlement, and that such offer was agreeable to the father and mother of deceased, his widow, and apparently to all the interested parties. In fact, the principal complaint made by the petitioners at the hearing was that they were not advised of the date on which the action would be filed and the judgment taken, and were not given an opportunity to be present in court at that time.

As to the eyewitness, the administrator testified that he had not interviewed said witness personally, but that he had conferred with the State Mine Inspector, who made an investigation of the accident, and that he had also talked with numerous persons who had heard the account of the accident given by the eyewitness, and that both petitioners and all other relatives of deceased were fully advised of all the facts and circumstances surrounding the death of deceased when they agreed to the settlement. He further testified that shortly after the accident the eyewitness left the vicinity of Henryetta and that he was unable to talk to him prior to the rendition of the judgment. From the evidence it appears that the eyewitness was not in that vicinity when the judgment was rendered, but there is no evidence in the record from which any inference may be drawn that the defendant, Coal Company, was in any wise responsible for his absenting himself, or that it had any control over his movements.

The only showing in the record as to what this eyewitness would testify, if produced, is contained in a question asked by the attorney for petitioners during his examination of the administrator. That question reads as follows:

"Q. Didn't you ascertain that Sylvester Brown fell on a conveyor and was being carried along with this conveyor or whatever it is. That there was an effort by Morehead (the eyewitness) to shut off the motor and that the motor was defective and wouldn't shut off and kept beating him against the roof of the mine until he was almost killed? A. That is not the way I heard it."

The witness was not produced at the hearing, nor was there any showing other than that set forth above as to what his testimony would be. Nor was there any sufficient showing that he

could be produced if the judgment were vacated and the case retried.

Petitioners quote in their brief the statement in Harjo v. Johnston, 187 Okla. 561, 104 P. 2d 985, that extraneous fraud by which the trial court was imposed upon, and by which the party complaining was prevented from having his interest fairly considered, authorizes the vacation of a judgment. They also quote the second syllabus of Red Eagle v. Cannon, 198 Okla. 330, 177 P. 2d 841, that fraudulent concealment of a material fact which, if disclosed to a court, would legally preclude the rendition of judgment, affects the court's jurisdiction and is extraneous to the issues. We think these cases correctly state the law, but one seeking to vacate a judgment for fraudulent concealment or misrepresentation must establish such grounds by his evidence. This, as stated above, petitioners wholly failed to do, and in view of this fact the trial court properly denied the petition to vacate.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.