## AMERICAN NAT. BANK OF PAWHUSKA v. MORGAN.

No. 21359.   Opinion Filed Oct. 25, 1932.

Robert Stuart, for plaintiff in error.

H. C. Hargis and F. O. Yarbrough, for defendant in error.

KORNEGAY, J. This case originated in a justice of the peace court. It appears that a justice of Pawhuska, by the name of R. L. Carroll, was succeeded by G. W. Hargis. The bill of particulars was marked filed May 15, 1929, by Hargis, but the caption was as follows:

"In the Justice of the Peace Court, Before R. L. Carroll, Justice of the Peace in and for Pawhuska, Osage County, Oklahoma.

"W. F. Morgan, Plaintiff, v. American National Bank of Pawhuska, Okla., Defendant. 2010.

"Bill of Particulars."

Process was issued by Hargis as justice of the peace on May 16, 1929, and served, setting case for hearing May 30th. At that time the defendant appeared and filed the usual affidavit for continuance. On June 5th, objection was urged as to the case being filed before R. L. Carroll, justice of the peace, and as not being filed before Hargis. This was overruled on June 5th, and according to the record, "of which defendant accepts to and is accepted."

Affidavit for change of venue on account of prejudice of the justice was made June 5th, and change granted to W. T. Crozier and judgment rendered for recovery, after overruling motion by special appearance to dismiss the proceedings because the name of the justice mentioned in the bill of particulars was R. L. Carroll instead of George Hargis. There was also motion to require a bond for costs or $25 deposit and several

continuances. The judgment was for $115, costs and attorney fees. Bond was given and appeal to district court was had.

In the district court on November 5, 1929, answer and cross-petition were filed. The answer was a general denial, and there was a special denial, as follows:

"Defendant especially denies that there was any dejureous interest knowingly and intentionally received by the said American National Bank, the defendant."

As a counterclaim, cross-petition and set-off, the bank claimed to have purchased on November 1, 1929, a judgment against plaintiff, rendered in favor of the First National Bank of Pawhuska on a promissory note for $104, attorney fees $20.40, and costs $6.45, which it then held. An assignment of the moneys to be received in the case filed before Hargis against the American National Bank was filed November 6, 1929, in the district court, dated May 18, 1929. Objections were made to the set-off, and also to an interplea by Hargis and Yarbrough for the proceeds of judgment. The evidence was clear as to the intentional taking of $57.50 usurious interest for the use of $100 from May 5, 1926, to November 10, 1927. The court instructed for the recovery of $115 and exceptions were taken. The court passed on the set-off, holding that the assignment to Hargis & Yarbrough antedated the purchase of the set-off, and awarded the amount of the judgment to them. Motion for new trial was had and overruled, and case brought here.

The points here raised are that the bill of particulars was deficient. As shown by the record, it was actually filed before Justice Hargis and summons was issued thereon. The mere fact of the name of Carroll, his predecessor, appearing in the caption, was harmless under the condition. Complaint is also made of the interplea in the district court being marked filed before W. T. Crozier instead of in the district court. The record shows the interplea was verified before a notary public on the 5th of November, 1929, and filed in the district court on November 6, 1929. Evidently the pleader was following some form, but as the matter complained of was merely clerical and on suggestion would have been corrected, we think the objection is not well founded.

Complaint is made of the assignment, and authorities are cited to the effect that suit for such a claim was personal. The record shows that the suit was maintained in the name of and by the persons assigning, and the judgment of the court below was in their favor. The assignment here involved was to his attorneys, to whom he was indebted for legal service in amount greater than the amount of the recovery and antedated the purchase of the judgment bought pending the litigation for the purpose of using it as a set-off. The assignment, moreover, was merely of the money they might recover. As between the claim of the attorneys and of the offsetting creditor, the equities of the attorneys were greater, being for services rendered, and being prior in acquisition.

The cause of action in this case was one arising out of the provision of the federal law on the subject of usurious payments to national banks. We think that in this case there is neither statutory requirement nor rule of public policy that would prohibit the client, who has the suit, assigning to the attorney handling it any moneys he might recover to cover amounts due him for professional services.

We find no reversible error, and the cause is therefore affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., absent.