**STATE ex rel. BARNETT, Bank Com'r, v. WOOD et al.**

No. 25577.    April 2, 1935.

Dolman, Dyer & Dolman, for plaintiff in error.

Sigler & Jackson, for defendants in error.

PER CURIAM. This is an appeal from judgment for defendants in an action commenced by plaintiff in error.

By stipulation the facts have been agreed upon and are in substance as follows:

On January 3, 1928, the City State Bank of Ardmore, being in process of liquidation, entered into a contract, as first party, with the American National Bank of Ardmore, as second party, under which first party sold, assigned, and transferred certain assets set out in the contract and second party assumed certain liabilities. The contract further provided that O. H. Wolverton, selected by the stockholders of first party as liquidating agent, should take charge of and liquidate the assets turned over to him, collect the notes, sell the real estate, realize on the choses in action and all other claims in his own name, or in the name of first party to said contract, subject to the approval by second party of all sales of real estate or other assets, compromises, settlements, renewals or extensions of notes, the contract providing that the funds realized by the liquidating agent were to be deposited in a separate account and all checks drawn by him thereon were to be countersigned by second party. After entering upon his duties as such the liquidating agent was elected vice president of second party. Among the assets delivered to the liquidating agent was certain land known as the John Griffiths farm, and W. H. Wimberly was employed by the liquidating agent to procure a buyer therefor, which Wimberly procured on June 19, 1930, and Wimberly thereupon became entitled to a commission, the payment of which was refused by the liquidating agent. On March 11, 1932, Wimberly, without knowledge of the contract under which the liquidating agent was acting, filed suit and recovered judgment in the district court of Carter county, Okla., against the City State Bank of Ardmore, A. H. Palmer, president, O. H. Wolverton, secretary, and O. H. Wolverton, liquidating agent, for such commission in the sum of $181.25, with costs. An execution was thereafter issued on said judgment and returned "No property found." On November 28, 1932, Wimberly assigned said judgment, for value, to Frankie Wood, who also acquired said judgment without notice of said contract. Thereafter, such assignee caused another execution to be issued on the judgment and levied upon real property in Carter county, Okla., which was then standing of record in the name of the City State Bank of Ardmore, but which real estate was a part of the assets of City State Bank, which had been sold under the contract of January 3, 1928, to the National Bank of Ardmore. The sheriff of said county proceeded to advertise said real estate for sale in satisfaction of the judgment. Thereupon, and on December 20, 1932, the American Bank & Trust Company, successor of American National Bank, instituted a suit in the district court of Carter county, Okla., said suit being No. 19473

on the docket of said court, against the sheriff and Frankie Wood, assignee of the judgment, alleging the property so levied upon and advertised for sale was the property of American Bank & Trust Company, and asking that the sale thereof be enjoined and title of the bank be quieted as against the claims of the defendants. Issues were made up; the defendant Frankie Wood, in her answer in said cause, alleged that W. H. Wimberly was employed by O. H. Wolverton, liquidating agent, to sell the real estate for which the commission was claimed; that the American National Bank was the beneficiary of the services of Wimberly, knew the conditions of such sale and employment, and accepted the benefits of the contract of O. H. Wolverton, and should not be permitted to escape the liability incurred by him in the sale of said real estate. To this answer the plaintiff, American Bank & Trust Company, filed a reply, in which it pleaded an offset seeking thereby to set off a judgment obtained by American Bank & Trust Company against Wimberly in the justice court of Carter county, Okla., for an indebtedness represented by a promissory note executed by Wimberly on April 10, 1930, which became due on May 10, 1930, and on February 13, 1933, the justice court rendered judgment in favor of the bank against Wimberly on said indebtedness in the sum of $200, with interest and costs. Said judgment became final and was uncollectible against Wimberly because of his insolvency.

To such reply the defendant, Frankie Wood, filed a motion to strike, and the court during the progress of the trial determined that the attempted offset could not be pleaded, presented, passed upon or determined therein, and sustained the motion and struck said reply and all evidence in support thereof, and did not determine nor pass upon the merits of said attempted offset. The court, however, determined that the City State Bank had no property or assets of any kind out of which the money due under the Wimberly judgment held by Frankie Wood could be made, since all the property of any value of said bank had been turned over by its liquidating agent to the American Bank & Trust Company. The court further found that M. Gorman, president, acting for the American National Bank, the second party to the contract above referred to, was informed of all the facts connected with the sale of the real estate by the liquidating agent and consented thereto, and the court, on December 1, 1933, entered its decree in said cause refusing to restrain the sheriff and Frankie Wood from enforcing said judgment against the real estate levied upon and refusing to quiet the title of American Bank & Trust Company as against the claims of the defendants. The court in its findings of fact found, however, that the judgment held by Frankie Wood, as assignee, should be charged with a credit in the sum of $47. No appeal having been taken by either party therefrom, the judgment rendered in said cause No. 19473 became final, and the present action was commenced on January 5, 1934.

Held, under the facts stated, the judgment obtained by Wimberly against City State Bank, its officers and liquidating agent, to which proceedings the American National Bank, or its successor, American Bank & Trust Company, were not parties, may not be offset by the judgment against Wimberly held by American Bank & Trust Company as against the assignee of Wimberly, because lacking in mutuality and equity. 34 C. J. 709, sec. 1089. In Arn v. Elms, 59 Okla. 235, 158 P. 1150, this court held:

"Where there are mutual judgments in the same court, between the same parties, the court has the power to set off one judgment against the other, either in an equitable proceeding or upon motion; but the exercise of this power is in a measure discretionary, and the determination therefore to be upon strictly equitable principles." Alexander v. Clarkson, 100 Kan. 294, 164 P. 294.

While it is the general rule, as contended by plaintiff in error, that an assignee of a chose in action takes it subject to all defenses between the original parties, it is also the rule, supported by the weight of authority, that the assignee of a judgment takes it free from latent equities of third persons not parties to the judgment of which he has no notice at the time of the assignment. 34 C. J. 649, and cases cited. So where the assignment of a judgment antedates the purchase of the judgment sought to be set off, the right of the assignee is not affected. American National Bank of Pawhuska v. Morgan, 160 Okla. 51, 15 P. (2d) 813; Patchell v. Harper, 40 Okla. 530, 139 P. 985; Wm. Owen v. Interstate Mortgage Trust Co., 88 Okla. 10, 211 P. 87; Sheffield v. Preacher, 175 Ga. 719, 165 S. E. 742.

Plaintiff in error further contends in effect that mutuality was created by the decree of the court in the case instituted by American Bank & Trust Company against the sheriff and Frankie Wood, wherein the

bank sought to restrain the execution sale and to have its title quieted as against the claims of defendants. We cannot so construe the decree. The court, it is true,, in its decree, denied the bank the relief prayed for, upon equitable grounds, but the consequence of the decree, unappealed from, was to preclude the bank from resisting the collection of the Wimberly judgment by his assignee against the lands levied on, and the plaintiff in this case being in privity with the bank should likewise be precluded. With the authorities cited by plaintiff in error in its brief, to the effect that this decree is res adjudicata of the claims presented and decided by the court, we find no fault. Wimberly, however, was not a party thereto, and his assignee, Frankie Wood, obtained the right thereunder to enforce the judgment against the property levied on for the payment of the amount of the Wimberly judgment, less a credit thereon of $47. The decree was not only res adjudicata as against the defendants, but was also res adjudicata as against the plaintiff, and plaintiff in error being in privity may not again litigate the right of the assignee of the judgment to enforce it against the property levied on. This court stated the rule in American Bank & Trust Co. of Ardmore v. Frensley, 167 Okla. 533, 30 P. (2d) 883, as follows:

"When a fact has been determined in the course of a judicial proceeding and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. Johnson v. Gillett, 66 Okla. 308, 168 P. 1031; Adams et al. v. State ex rel. Mothersead, Bank Com'r, 133 Okla. 194, 271 P. 946."

The stipulated facts in this case show a lack of diligence of those in privity with the plaintiff to have the judgments offset. An application to have judgments offset should be made at the earliest practicable opportunity, and if delayed until the interests of third persons have intervened the offset may be properly denied. 34 C. J. 438, sec. 688; 34 C. J. 827, sec. 1239; Brisley v. Mahaffey, 87 Okla. 257, 209 P. 920; Akin v. Bonfils, 67 Okla. 123, 169 P. 899.

The case of Kansas City Rapid Motor & Transp. Co. v. Young (Mo.) 175 S. W. 95, illustrates the rule. In that case the court held:

"An assignee of a claim of a judgment debtor against the judgment creditor may not obtain a decree setting off the claim against the judgment, where the debtor for over three years took no steps to establish his claim, and then did nothing for nearly a year, and during that time the judgment creditor assigned his interest in the judgment to a third person in good faith and for a valuable consideration, and where the judgment creditor's attorney had by virtue of Rev. St. 1909, secs. 964, 965, a lien on a part of the judgment."

To the same effect is the decision of the Supreme Court of Kansas in Schuler et al. v. Collins et al., 63 Kan. 372, 65 P. 662. In that case the court in its opinion announced the rule as follows:

"The existence of mutual judgments does not entitle a party to have one set off against the other arbitrarily as a matter of right. Whether application for set-off is by motion or through a proceeding in equity, it is to be determined upon equitable considerations, and is only allowed when it will promote substantial justice. This was the ruling in Herman v. Miller, 17 Kan. 328, where it was said that 'the exercise of that power is in some degree discretionary, and it will not be exercised in cases in which it would be inequitable so to do.' (Citing cases.)

"In the present case no steps were taken to set off one judgment against the other for more than three years after the judgments were rendered, nor until long after Pollock and Jones had acquired their rights in the Collins judgment. Whether Schuler would claim a set-off against that judgment could not be known until he actively asserted the right, and before he did so the rights of the others had intervened."

The judgment of the trial court should be modified by allowing to the plaintiff in error credit on the judgment in the sum of $47, and the judgment as so modified should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Paul B. Mason, Garrett Logan, and Whit Y. Mauzy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mason and approved by Mr. Logan and

344

Mr. Mauzy, the opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.