**Robert E. LECK, Johnnie V. Steele, and Kenneth E. Brandt, Plaintiffs–Appellants,**

v.

**CONTINENTAL OIL COMPANY, Defendant–Appellee.**

No. 86–2536.

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1989.

John T. Edwards and Henry J. Hood of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for plaintiffs-appellants.

S. Paul Hammons of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for defendant-appellee.

Before BALDOCK, BRORBY, Circuit Judges, and BURCIAGA,* District Judge.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appealed from an order of the district court dismissing this action for lack of subject matter jurisdiction. A recitation of the facts and procedural history can be found in *Leck v. Continental Oil Co.,* —— P.2d ——, No. 72,054 (Okla. filed Nov. 28, 1989).

Inasmuch as this action presented issues arising out of Oklahoma law, we certified the following question of law to the Oklahoma Supreme Court. See Okla.Stat. tit. 20, §§ 1601–1612 (Oklahoma Uniform Certification of Questions of Law Act).

Does the district court have subject matter jurisdiction to hear and decide an action for damages brought by mineral interest owners against the owner and operator of an oil and gas lease when the mineral interest owners allege (1) breach of contract by the operator for causing drainage of the oil and gas under their property by another oil and gas well on adjacent property also operated by the operator; (2) violation of fiduciary duties by the operator for failing to protect their correlative rights; and (3) misrepre-

---

* The Honorable Juan G. Burciaga, United States District Judge for the District of New Mexico, sitting by designation.

sentations by the operator to the Oklahoma Corporation Commission during a hearing on the application of the mineral interest owners to restrict the allowable production from the other oil and gas well?

In a well-reasoned opinion, the details of which we will not set forth here, the Oklahoma Supreme Court answered in the affirmative for parts one and two and in the negative for part three. *Leck,* —— P.2d ——.

Thus, based on the Oklahoma Supreme Court's opinion, we conclude the district court erred in determining it did not have subject matter jurisdiction to resolve the issues regarding breach of contract and violation of fiduciary duties. In addition, we conclude the district court correctly determined it did not have subject matter jurisdiction to resolve the issue regarding the misrepresentations.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED as to the jurisdictional determination of the misrepresentation issue and REVERSED and REMANDED as to the jurisdictional determinations regarding breach of contract and violation of fiduciary duties.