Robert E. LECK, Kathleen F. Leck, Viola Brown, Frank E. Steele, Pearl Brock, Jerry B. Brock, and James W. Brock, Plaintiffs–Appellants,

v.

CONTINENTAL OIL COMPANY, Defendant–Appellee.

No. 91–6267.

United States Court of Appeals, Tenth Circuit.

July 31, 1992.

John T. Edwards (Shannon L. Edwards with him on the briefs), of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for plaintiffs-appellants.

S. Paul Hammons (John J. Breathwit and Babette Patton with him on the brief), of Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, Okl., for defendant-appellee.

Before BALDOCK and SETH, Circuit Judges, and BENSON, District Judge *.

SETH, Circuit Judge.

The plaintiffs are the owners of mineral interests and are the oil and gas lessors to

---

* Honorable Dee V. Benson, United States District Judge for the District of Utah, sitting by designation.

Appellee Conoco of Section, 21, Township 13 North, Range 10 West, Canadian County, Oklahoma. This section is a drilling and spacing unit under the Oklahoma Corporation Commission regulations with Conoco as the operator. It is designated as the Leck unit. In early 1973, Appellee as operator completed the Leck gas well in the Southeast Quarter of Section 21 and in the Atoka–Morrow formation. The well began production in May of 1973.

In 1975, Appellee drilled two wells at locations in Section 20, Township 13 North, Range 10 West (the section adjoining the Leck unit). One well was marginal and was subsequently plugged and the other well was a dry hole. Appellants have no interests in Section 20. It is leased by Appellee from mineral owners other than Appellants. In February of 1976, Appellee filed for a location exception with the Oklahoma Corporation Commission to drill a third well in the Southeast Quarter of Section 20 at a location 1,310 feet north of the south line and 330 feet west of the east line of Section 20. The Commission granted the application, designated Appellee as the operator, and set a standard production allowable for the proposed well. Appellee then drilled the Wosika No. 1 well at the location provided for in the Commission order. The Wosika gas well began producing in July of 1976 and Appellee operated the well at all times within the production allowable set by the Commission. The producing formation for the Wosika well is the same as the Leck unit well.

On September 26, 1978, Appellant Leck and others filed a petition with the Commission to impose a restriction on production of the Wosika well which adjoined them, as above described, "to protect the correlative rights of all parties in the common source of supply." The Commission denied the application to impose a penalty on the Wosika well. The order was not appealed and became final September 19, 1979.

On October 23, 1985, Appellants filed suit against Conoco in state district court claiming breach of contract for failure to protect against drainage of the Leck unit, breach of fiduciary duty, and misrepresentation by Conoco before the Commission in the August 1979 proceedings. Conoco removed the action to the United States District Court for the Western District of Oklahoma. Conoco then moved for summary judgment on the grounds that the district court did not have "subject matter jurisdiction" and because the suit was an improper collateral attack on the Commission's order. We take the "lack of subject matter jurisdiction" to mean or include an assertion that the causes of action asserted as to the duties of Conoco are not recognized in Oklahoma.

The trial court granted Conoco's motion for summary judgment, and Appellants took this appeal.

On appeal there was raised again an issue whether or not there existed in Oklahoma a cause of action or causes of action as asserted by Appellants against Appellee as the lessee and operator—thus "subject matter jurisdiction" as a descriptive term for the existence of a cause of action. We certified the question to the Oklahoma Supreme Court.

In answer to the certified question, the court held that the district court had "subject matter jurisdiction" to hear such a claim for breach of contract and breach of fiduciary duty, but that the district court did not have "subject matter jurisdiction" to hear the claim of misrepresentation before the Commission. *Leck v. Continental Oil Co.*, 800 P.2d 224, 226 (Okla.1989). This court adopted the opinion of the Oklahoma Supreme Court and remanded the case to the United States District Court. 892 F.2d 68.

Appellee then filed a second motion for summary judgment asserting that there were no issues of material fact in dispute and Appellee was entitled to judgment as a matter of law on the grounds that Appellants could not produce evidence on essential elements of any of their claims. Specifically Appellee asserted that: (1) Appellants could not show there had been substantial uncompensated drainage by the Wosika well from under the Leck unit in which Appellants owned minerals; (2) a prudent operator would not have drilled an

offset well on Section 21; (3) no cause of action existed for causing drainage because Appellants could not show improper operations on Appellants' Leck unit and no illegal operations on the adjoining unit; and (4) Appellants produced no evidence to support their claim of breach of fiduciary duty. The district court granted Appellee's motion for summary judgment and this appeal followed.

■ We begin with Appellants' claim that Appellee breached an implied covenant to protect the Leck unit from drainage. The district court granted summary judgment on this issue for Appellee because it found that Appellants could not prove an essential element of their case which was that substantial uncompensated drainage had occurred from Appellants' unit. The court held that Appellants were collaterally estopped from relitigating the issue of whether substantial uncompensated drainage occurred from under the Leck unit. This estoppel arose from the Commission's 1979 order. This is the order which denied Appellants' application seeking a penalty against the Wosika well "to protect correlative rights in the common source of supply," referred to above.

Summary judgment is proper when a party, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Appellants argue that the district court erred in holding that they were collaterally estopped from litigating the issue of whether the Wosika unit drained the Leck unit because the court misinterpreted the Commission's 1979 order. The order was, as mentioned, in response to the application filed by Appellant Leck and others requesting that the Commission impose a restriction on the Wosika well to "protect the correlative rights of all parties in said common source of supply." The Commission had denied the application without comment. The district court held that because

the Commission had denied Leck's application the Commission found that Leck's correlative rights were not being violated. The court further held that the Commission's finding that Leck's correlative rights were not being violated necessarily included a finding that the Wosika well was not draining the Leck unit as asserted.

We agree with the district court that Appellants are collaterally estopped from asserting that the Wosika well drained the Leck unit. Implicit in the Commission's order denying Leck's application is a finding that the Wosika well was not causing substantial uncompensated drainage from the Leck unit. This was the basis for the order.

Drainage and correlative rights are, of course, directly related. *See Spaeth v. Corporation Comm'n*, 597 P.2d 320, 321 (Okla.1979) (appellants sought modification of previous Commission order to drill additional well "to protect appellants from drainage and consequent prejudice of their correlative rights"); *Corporation Comm'n v. Union Oil Co.*, 591 P.2d 711, 715 (Okla.1979) ("the permit to drill an additional well protects the correlative rights of the interested parties by allowing the applicant to offset the drainage from the three surrounding sections"). In this case, the Commission necessarily found that Leck's correlative rights were not being violated by substantial uncompensated drainage by the Wosika well. In State *ex rel. Barnett v. Wood*, 171 Okla. 341, 43 P.2d 136, 138 (1935) (quoting *American Bank & Trust Co. v. Frensley*, 167 Okla. 533, 30 P.2d 883, 887 (1934)), the court held:

"When a fact has been determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to

reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion."

Thus, Appellants are collaterally estopped from relitigating the issue of whether the Wosika well so drained the Leck unit.

Appellants argue that even if the Commission order constitutes a finding of no uncompensated drainage, the order is only dispositive of issues of drainage up to the date the order was filed. They contend that the Commission order does not preclude them from litigating drainage that occurred between the date of the order and the date this suit was filed.

In this regard, Appellants did not come forth with sufficient evidence to establish that substantial drainage occurred from the Leck unit. The Wosika well was operated at all times before and after the Commission hearing within the production allowable set by the Commission. It did produce more days than the Leck well during certain periods. However, Appellants did not apply to the Commission for a modification of the 1979 order on the grounds of change of conditions or on any other grounds. *See Corporation Comm'n v. Union Oil Co.*, 591 P.2d 711, 716 (Okla.1979). Given these circumstances, we hold that Appellants are bound by the Commission's order.

■ Appellants also contend that the district court erred in granting summary judgment on the breach of fiduciary duty claim. In answer to a certified question from this court, the Oklahoma Supreme Court said in *Leck*, 800 P.2d at 229:

"The appellants owned no minerals in the Section 20 (Wosika) unit, and thus, no fiduciary duty was owed them for operations within that unit. The only fiduciary duty owed the appellants was created by the unitization of Section 21. It is incumbent upon them to show what, if any, violation of the fiduciary duty occurred in that unit."

Thus, in order to survive a motion for summary judgment, Appellants must produce evidence of improper operations in the Leck unit. As to one element of Section 21 operation, the parties agree that a prudent operator on Section 21 would not have drilled a well to offset the Wosika well so this issue is not present. The only evidence relied on by Appellants is testimony from the Commission hearing in 1979 regarding the amount of gas in place under the Leck and Wosika units and the fact that the Leck well was shut in excess of 400 days more than the Wosika well. With regard to the testimony before the Commission, Conoco's engineers were merely *estimating* the amount of gas in place. The fact that the Leck and Wosika wells did not produce as estimated does not constitute evidence of improper operations. As to the days that the Leck well was shut in excess of the Wosika well, Appellant produced no evidence that the Leck well was improperly shut in or that the shut in days were for any reason other than that attributed to the gas purchasers as offered by Appellee.

Because Appellants have shown no evidence of imprudent operations on the Leck unit or lease, their claim for breach of duty must fail.

Appellants also claim that the district court erred in granting summary judgment in favor of Appellee because several issues of material fact remain. We find, however, that the district court properly granted Appellee's motion for summary judgment because Appellants have failed to produce any evidence on several essential elements of their claims. As the Supreme Court in *Celotex* said, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." 477 U.S. at 323, 106 S.Ct. at 2552.

Accordingly, the judgment of the District Court for the Western District of Oklahoma is AFFIRMED.