**WAGNER & BROWN, Plaintiff,**

v.

**WARD PETROLEUM CORPORATION, Defendant.**

**No. CIV–87–2009–A.**

United States District Court, W.D. Oklahoma.

Dec. 21, 1994.

Gregory L. Mahaffey, Mahaffey & Gore, Oklahoma City, OK, for plaintiff.

Michael E. Smith, Michael D. Stack, Barnes Smith & Lewis, Oklahoma City, OK, for defendant.

### ORDER

ALLEY, District Judge.

Before the Court are two motions for summary judgment filed by defendant Ward Petroleum Corporation ("Ward"). In one,

Ward seeks judgment on plaintiff's claims arising from drilling of the Talbert No. 1 well. In the other, Ward seeks judgment on its counterclaim to recover plaintiff's share of costs incurred in drilling the well. Plaintiff concedes that Ward is entitled to judgment on its counterclaim; the Oklahoma Corporation Commission has determined that all costs incurred were reasonable and necessary. However, plaintiff opposes summary judgment on its claims.

All facts material to defendant's motion are undisputed. One dispositive legal issue is presented: Do findings made by the Corporation Commission as part of its cost determination preclude Wagner & Brown from now pursuing its tort claims against Ward for negligent performance of various drilling operations? The Court has reviewed the parties' submissions, and based upon the law and the facts presented by the parties, the Court rules as follows.

## STATEMENT OF UNDISPUTED FACTS

In January 1987, the Corporation Commission entered an order pooling mineral interests in a drilling and spacing unit in Grady County, Oklahoma, and naming Ward unit operator. Plaintiff Wagner & Brown, a working interest owner, also asked to be made operator. After losing the · contest, Wagner & Brown elected to participate in the well. It was a dry hole.

Wagner & Brown filed this action for declaratory relief and damages on October 2, 1987. It complained of Ward's negligence in drilling the well, including: (1) making a turnkey drilling contract with an affiliate, Ward Drilling Company, that did not meet industry standards; (2) failing to monitor deviation in the well's planned trajectory, resulting in an unacceptable wellbore; (3) rejecting Wagner & Brown's request to correct the deviation by plugging-back the well to 5250 feet and redrilling; (4) over-correcting the deviation, which created a dogleg; (5) rejecting Wagner & Brown's advice that running production casing would be difficult due to the dogleg; (6) running a poor cement job around the casing, which caused saltwater flooding into the borehole from other formations and prevented a valid test of the target·

formation; and (7) failing to secure competitive bids and incurring unreasonable costs.

On the same day it filed suit, Wagner & Brown applied to the Corporation Commission for a determination of reasonable costs of unit operations. The application averred that Ward already had exceeded estimated costs by more than $175,000 and did not have a useable borehole below 5250 feet. Wagner & Brown asked the Corporation Commission to determine the proper cost for completing the well because of Ward's imprudent drilling and inflation of costs.

In November 1987, Ward moved to dismiss this case on the grounds that the Corporation Commission had primary jurisdiction of the matter and this Court lacked authority to grant the declaratory relief sought. Alternatively, Ward asked that the case be stayed until the Corporation Commission first made its cost determination.

In February 1988, the Court entered a stay. Based on *Stipe v. Theus,* 603 P.2d 347, 349–50 (Okla.1979), the Court recognized that the Corporation Commission has continuing jurisdiction to determine proper unit costs but that a district court may retain jurisdiction if the Commission cannot grant all relief sought. Thus, the Court ruled as follows:

> [T]he plaintiff is seeking monetary relief on its gross negligence claim. Because the Corporation Commission was granted limited powers to enforce its "proper cost" determination and therefore could not grant full relief, this action must remain before this court, but should be stayed until the Corporation Commission makes disposition of [plaintiff's] application to determine proper costs.

Order at 3. Running of the time period for Ward to file its defenses and counterclaims was also stayed because "issues in this case are dependent upon the decision of the Oklahoma Corporation Commission." Order at 4.

An administrative law judge (ALJ) held hearings on Wagner & Brown's cost application for 22 days during 1988, 1989 and 1990. The ALJ heard testimony of ten witnesses and received 186 exhibits. In August 1991, the ALJ issued an 84–page report summarizing the evidence and making factual findings

on the issues raised by Wagner & Brown. The ALJ concluded, "there was nothing to indicate that any of the actions or procedures used by Ward were anything other than reasonable." Initial Report at 84. The ALJ thus recommended setting reasonable costs of the well at the actual cost incurred by Ward of $754,724 minus a downward adjustment of $72,087 for the turnkey drilling contract, because the ALJ found no evidence that Ward had obtained other bids before drilling commenced.

Both parties took timely appeals from the ALJ's report. Ward objected to a reduction for the turnkey drilling contract. Wagner & Brown challenged the ALJ's findings and argued that Ward made numerous errors in drilling, completing and testing the well. Wagner & Brown asked that reasonable costs be set at an amount equal to what Ward incurred in drilling to a depth of 5250 feet.

The appellate ALJ found no merit in Wagner & Brown's appeal. He did, however, agree with Ward that the ALJ overlooked record evidence concerning other bids for turnkey drilling contracts. Thus, the appellate report adopted the ALJ's findings but reversed the $72,087 reduction of actual costs. Wagner & Brown appealed to the Commission en banc. In June 1992, the Commission issued its order adopting the conclusions of the appellate ALJ, finding that Ward "acted as a reasonable and prudent operator in drilling, completing and testing" the well, and determining the reasonable costs of the well to be the actual costs incurred of $754,724.

Wagner & Brown appealed the Commission's order to the Oklahoma Supreme Court. The appeal was assigned to the court of appeals, and an opinion affirming the order was issued in June 1993. The court of appeals found "that the case was thoroughly and zealously tried by both parties and that the decisions were made with great deliberation in painstaking detail." Memorandum Opinion at 5. Wagner & Brown petitioned for rehearing and for certiorari; both were denied. The latter denial occurred on October 12, 1993.

This case was reopened on October 25, 1993. Ward filed its answer and counterclaim and then moved for summary judgment. As stated above, Ward argues the preclusive effect of the Corporation Commission's factual findings and cost determination.

## SUMMARY JUDGMENT STANDARD

█ Summary judgment is appropriate if the pleadings and evidence on file "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When as here, a dispositive legal issue is presented for decision on undisputed facts, summary judgment is proper if the movant's view of the law is correct.

## ISSUE PRECLUSION

█ The Oklahoma Statutes and constitution, and the common law doctrine of issue preclusion or collateral estoppel, prohibit a district court from entertaining a collateral attack on an order of the Corporation Commission. *Leck v. Continental Oil Co.*, 971 F.2d 604, 606–07 (10th Cir.1992); *Woods Petroleum Corp. v. Sledge*, 632 P.2d 393, 396 (Okla.1981); Okla. Const. art. IX, § 20; Okla. Stat. tit. 52, § 111. Thus, the Commission's decision on a disputed issue of fact or law within its lawful cognizance must be given preclusive effect in a later suit between the same parties involving a different claim. The doctrine "applies with equal force to jurisdictional and nonjurisdictional questions" and operates to bar relitigation of correct and incorrect decisions, if the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Fent v. Oklahoma Natural Gas Co.*, —— P.2d ——, 1994 WL 534502 at *4 (Okla. Oct. 4, 1994); *Veiser v. Armstrong*, 688 P.2d 796, 800 (Okla.1984). A district court's examination of a final order of the Commission is limited to determining, from inspection of the record, whether the Commission had jurisdiction to issue the order. *Fent*, at ——; *Kaneb Prod. Co. v. GHK Exploration Co.*, 769 P.2d 1388, 1391–92 (Okla.1989); *Mullins v. Ward*, 712 P.2d 55, 59 n. 7 (Okla.1985).

■ There is no question that the Commission had jurisdiction to enter the cost determination order. Nevertheless, Wagner & Brown contends that the Commission's finding that Ward acted as a reasonable and prudent operator cannot bar litigation of negligent drilling claims in this forum because the Commission cannot decide plaintiff's tort claims. Also, Wagner & Brown says that the Commission's order has no preclusive effect on this suit because the standards of proof for cost determinations and negligence cases are different. According to Wagner & Brown, an order allowing costs to an operator merely determines that the operator was prudent in the sense that it made proper business decisions to perform certain operations and expended reasonable sums on them, but a tort claim hinges on whether the operator performed operations in a negligent manner.

■ It is clear that the Oklahoma Corporation Commission lacks jurisdiction to try a tort claim for damages. *See Kingwood Oil Co. v. Hall–Jones Oil Corp.*, 396 P.2d 510, 513 (Okla.1964). But that is beside the point. The Court acknowledged that principle when it retained jurisdiction of this case rather than dismissing it. The question is, now that the Commission has determined proper costs, what effect does its determination have on this case?

■■ If Wagner & Brown is correct that the standards of proof in cost proceedings are different from those applied in tort actions, then the Commission's cost determination cannot be given preclusive effect. A party asserting issue preclusion bears the burden of establishing that the factual issue to be precluded was actually determined in the prior proceeding. *Anderson v. Falcon Drilling*, 695 P.2d 521, 526 (Okla.1985). Thus, where a defendant seeks to apply a prior judgment in one case to matters arising in another case on a different claim, "the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action...." *Id.* (quoting *Runyan v. City of Henryetta*, 321 P.2d 689, 693 (Okla.1958)). For example, one could not rely on an award of worker's compensation benefits to an in-jured employee to establish the employer's vicarious liability for the employee's conduct because the test used to decide whether an injury occurred in the course of employment for benefits purposes is not the same test applied to determine whether an employee was acting within the scope of employment for *respondeat superior* purposes. *Id.* at 527.

In this case, however, the Court finds no requisite difference in standards of proof between the issues presented to the Commission and the issues presented here. The cases cited by Wagner & Brown do not support its contention that the Commission's finding that Ward acted as a reasonable and prudent operator rests on proof different than what will be required for the negligence claims.

In *W.L. Kirkman, Inc. v. Oklahoma Corp. Comm'n,* 676 P.2d 283, 287–88 (Okla.Ct.App. 1993), the court held that if interest owners in a unit challenge costs charged by the operator for drilling operations, the Commission must determine whether the expenditures were both required and reasonable. It did so in a case where the Commission had abdicated that responsibility. The Commission had approved all actual costs and stated that it lacked power to judge the reasonableness of the operator's decisions. *Id.* at 286. The court of appeals reversed and directed the Commission on remand "to make a full and complete determination as to the reasonableness of costs and business decisions of [the operator]." *Id.* at 289. The court of appeals did not hold, however, that the Commission could not consider whether operations had been performed in a negligent manner if that was the basis on which an interest holder challenged a cost application.

In *Lear Petroleum Corp. v. Seneca Oil Co.,* 590 P.2d 670 (Okla.1979), the Oklahoma Supreme Court upheld a Commission order determining reasonable and proper costs of drilling and completing a dry hole. The order disapproved three specific items as not properly chargeable but found the rest of the charges listed by the operator to be reason-. able and proper, despite expert testimony presented by protesting mineral owners that the charges were too high. On appeal, the

supreme court rejected the owners' argument that the order constituted an impermissible money judgment. The court also upheld the Commission's findings on the merits, refusing to consider the owner's argument that the operator was guilty of negligence in completion of the well. On the latter point, the Court stated: "[A]s appellants themselves say in their brief, 'these are issues for a damage claim or cross petition in district court litigation over the cost of the well'." *Id.* at 674. It is unclear from the supreme court's opinion whether the parties presented evidence of the operator's negligence to the Commission or whether the Commission made any findings on negligence issues.

In stark contrast are the record of proceedings before the Commission here. The issues and evidence presented by Wagner & Brown in support of its application to determine costs, although cast as a challenge to Ward's "bad business decisions", went much further. Wagner & Brown presented argument and evidence before the Commission that virtually every operation undertaken by Ward that plaintiff disagreed with was imprudent—making the turnkey drilling contract, using an inexperienced driller, not monitoring the well's trajectory or controlling its deviation, refusing to plug-back and redrill, doing a bad cement job, and proceeding to attempt a test of the target formation despite adverse indications. Plaintiff's position before the Commission was, in part, that challenged costs were neither required nor reasonable because the drilling activities for which those costs were incurred were unreasonably done.

■ It is clear from the ALJ's initial report (which the appellate ALJ adopted in all pertinent respects), from the appellate report (which the Commission adopted) and from the Commission's order that Wagner & Brown fully litigated the factual allegations underlying its tort claims before the Corporation Commission and, having lost, now wishes to try them again. This it may not do. A mineral interest owner may oppose an operator's cost application on the ground that a particular operation was unreasonably done; and when that is the issue presented to the Commission for decision in a cost

determination proceeding, the Commission has the power to decide it. *See Arkla Exploration Corp. v. Shadid,* 710 P.2d 126, 129 (Okla.Ct.App.1985). Wagner & Brown took that approach and lost, and it must accept the result.

Ward has met its burden of showing that the factual issues raised by plaintiff's tort claims are the same factual issues that were actually tried and decided by the Corporation Commission. Wagner & Brown has not articulated one unresolved question of fact left to be tried by a jury. Accordingly, Ward is entitled to a judgment in its favor based on the facts found by the Commission.

## CONCLUSION

For these reasons, defendant Ward Petroleum Corporation's Motion for Summary Judgment on Plaintiff's Complaint is GRANTED, and Ward's Motion for Summary Judgment on Its Counterclaim is also GRANTED. Judgment will be entered in favor of Ward on its claim against Wagner & Brown for payment of $320,988.42 plus interest at a rate and for a period of time to be determined by the Court upon further motion.

It is so ordered.